IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–03145–RMR–KMT

WILLIAM PEARCE,

      Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

---

## ORDER

---

This matter is before the court on Defendant's "Motion to Uphold Plaintiff's Deemed Admissions Pursuant to Fed. R. Civ. P. 36" ("Mot.") filed September 3, 2021 [Doc. No. 31] and on "Plaintiff's Motion to Withdraw Deemed Admissions Pursuant to Fed. R. Civ. P. 36" ("Mot. W/D") filed September 14, 2021 [Doc. No. 38]. In light of his counter-motion, Plaintiff did not file a response to Defendant's Motion No. 31; however Defendant did file a Response to Plaintiff's Motion to Withdraw. (*See* [Doc. No. 43] filed October 5, 2021.)

This case was filed in El Paso County District Court on August 6, 2020 by Plaintiff acting *pro se*. (Compl. [Doc. No. 6].) Defendant removed the case to this Court on October 20,

2020.  [Doc. No. 1.]  At that time, Plaintiff was still appearing *pro se*; however Plaintiff's

attorney, Derek Fadner, entered the case the following day on October 21, 2020.[1]  [Doc. No. 11.]

> Defendant claims, and Plaintiff does not dispute, the following events thereafter occurred

> Defendant served written discovery requests on Plaintiff on March 25, 2021, including requests for admission.5 Exhibit B. Responses were due within thirty days. Fed. R. Civ. P. 36(a)(3). Thirty days from March 25, 2021 was April 24, 2021, a Saturday. The next business day was Monday April 26, 2021. No responses were served. On April 28, 2021, counsel for State Farm emailed Plaintiff's counsel advising discovery responses were past due, that requests for admission were deemed admitted, and asking about the status of the remaining outstanding discovery responses and depositions. Exhibit C. On May 4, 2021, counsel for Plaintiff responded acknowledging the outstanding discovery. Exhibit D. No discovery responses were served and no request for an extension or to withdraw admissions was made. Counsel for State Farm called Plaintiff's counsel on May 19, 2021, and left a message again inquiring about deposition dates, the outstanding discovery responses, and reiterating that requests for admission were deemed admitted. Plaintiff's counsel never responded to that call.

(Mot. at 3.)

> Fed. R. Civ. P. 36(a)(3) provides

> Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29[2] or be ordered by the court.

*Id.*  There were no stipulations between the parties that the time be extended for Plaintiff to

respond to admissions and no request for, nor issuance of, an order extending the time.

> Therefore, Fed. R. Civ. P. 36(a) was executed upon its written terms and the requests for

admission were and are deemed admitted as of April 27, 2021.  *Smith v. Pac. Bell Tel. Co., Inc.*,

---

[1] Derek Fadner, J. Zachary Moseley, and Michael S. Barcus are all associated with the firm of McClenny Moseley and Associates in Houston, Texas.  Mr. Fadner and Mr. Moseley were both listed as signatories on the entry of appearance [Doc. No. 11].
[2] Stipulations About Discovery Procedure.

662 F. Supp. 2d 1199, 1229 (E.D. Cal. 2009) ("No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self-executing.") (citing *Federal Trade Commission v. Medicor LLC,* 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002)).  This court finds that the requests for admissions submitted March 25, 2021 are "conclusively established," as it must, "unless the court on motion permits withdrawal or amendment of the admission."  *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (citing Fed. R. Civ. P. 36(b)).

On or about July 20, 2021, the Plaintiff submitted, without permission from the court, denials of certain of the admissions which were already conclusively established.  (Mot., Ex. E.) No motion was filed by the Plaintiff to set aside the admissions until September 14, 2021, one hundred forty-one days after the responses were due to the requests for admission and eleven days after Defendant requested the court confirm the deemed admissions.  (Mot. W/D at 1.) Therefore, these denials must be, and hereby are, stricken in their entirety.

What remains at this point is to determine whether Plaintiff's late-filed motion to withdraw its established admissions should be granted.  First, the court rejects any argument that Plaintiff made an implied request to withdraw his admissions by his action of filing impermissible late discovery responses or by any other action.  Defendant conferred with Plaintiff within a day of his failure to respond to the admissions requests and alerted him to the danger posed by late responses to requests for admissions.  However, Plaintiff chose to eschew his obligations.  Therefore, the court finds that no motion to withdraw the admissions, inferred or otherwise, was filed previous to September 14, 2021.

When a party files a motion to withdraw deemed admissions, the court applies a two-step test.  Withdrawal or amendment of an admission is permitted only "when [1] the presentation of

the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Raiser,* 409 F.3d at 1246 (emphasis added). "The burden to establish these points is on the party seeking to withdraw their admissions." *Sammond v. All. for Sustainable Energy, LLC,*  Case No. 19-cv-01345-PAB-SKC, 2019 WL 6130801, at *3 (D. Colo. Nov. 19, 2019).

Step one of the test "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* (citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002)). Under the second step of the test, "the prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

Plaintiff urges the court to reconsider his admissions with respect to Requests for Admissions No. 4. 5, 7, and 8. Those admissions read,

> **REQUEST NO. 4:**
> Admit that the hailstorm on August 6, 2018 did not cause accidental direct physical loss to the felt beneath the tiles on the roof of the Property.

> **REQUEST NO. 5:**
> Admit that after receiving State Farm's letter dated October 2, 2019 (located in State Farm's Initial F.R.C.P. Disclosures at Bates numbers 001133 – 001137) You never submitted anything further to State Farm to support that the August 6, 2018 storm caused accidental direct physical loss to the felt beneath the tiles on the roof of the Property.

**REQUEST NO. 7:**
Admit that You have not made any repairs to the subject roof since the August 6,
2018 storm.

**REQUEST NO. 8:**
Admit that Plaintiff and/or Plaintiff's agents have presented damages to State
Farm for the subject Claim that existed before August 6, 2018.

Most of the case law in this area involves fact patterns similar to that which existed in
*Sammond*, where two days before the deadline to respond to requests for admissions, the party
receiving the request realized he was not going to be able to get the response timely filed.  That
party asked for an extension to respond to the requests for admission which was denied by the
opposing side.  The responder then filed a motion with the court seeking an extension of the
deadline on the day the responses were due.  *Sammond*, 2019 WL 6130801 at *1.  Cases such as
*Sammond* normally involve a mistake as to date calculation or an oversight of the due date with a
corresponding scramble to rectify the error.  Obviously, this case arises in a vastly different
context, where counsel for Plaintiff, after numerous attempts to resolve the issue by Defendant's
counsel, deliberately waited over four and a half months to finally file a motion to withdraw his
admissions.  No explanation has ever been proffered concerning the delay in responding to the
Requests for Admission.

Looking at Step One, Plaintiff made no argument in his motion to support his contention
that allowing the deemed admission to Request No. 7 would eliminate any presentation of the
merits of the case.  The burden to establish a step one merits argument rests with Plaintiff.
*Sammond*, 2019 WL 6130801, at *3 (citing *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D.
Kan. 1991) (the burden on the Rule 36(b)'s first element rests on the party moving to withdraw
the admissions)).  Since both criteria—merits of the case <u>and</u> lack of prejudice to the party who

obtained the admission—are required before the court will set aside an admission properly

obtained under the Federal Rules, the court denies Plaintiff's request to withdraw his admission

of Request No. 7.

With respect to the Admission Nos. 4 and 5, the court has fully reviewed the Amended

Complaint [Doc. No. 7] and sees no mention that the felt underlayment on the roof was a

significant issue in Plaintiff's claims.  Instead, Plaintiff claims *inter alia*, "Defendant failed to

properly pay Plaintiff's appraisal award agreed upon by the appraisal panel.  Instead, Defendant

wrongfully excluded items included in the award, and covered under the Policy."  *Id*. ¶ 15.  The

instant motion elaborates only a fraction more, claiming,

> The umpire award contained damages relating to the felt beneath the tiles on the
> roof of the property. Defendant did not pay for those damages. Defendant's
> failure to acknowledge the existence of these damages (or pay policy benefits
> relating to these damages) is a significant basis for Plaintiff's breach of contract
> cause of action.

(Mot. to W/D at 4.)

There is a conceptual difference between "damages relating to the felt beneath the tiles on

the roof" and "accidental direct physical loss to the felt beneath the tiles."  The two are not

mutually exclusive.  Just because there was no *direct physical loss to* the felt, does not

necessarily mean that there are no damages *relating to* the felt.

Further, while the Plaintiff references the umpire award, he does not attach a copy to the

motion for the court's review.  It is wholly unexplained how damage to the felt underlayment

would affect to the overall appraisal award.  This court finds, then, that allowing the admission

that there was no direct physical loss caused by the hailstorm to the felt does not independently

or collectively dispose of his claim that the Defendant should have paid for losses that the umpire

found to be related to the felt.  Further, there no evidence to support a finding that the damages sought by Plaintiff in this case are related solely to roof repair/replacement. Therefore, allowing admission of Request for Admission Nos. 4 and 5 does not eliminate presentation of the merits of the case.

With respect to Request for Admission No. 8, the court cannot discern the actual merits argument being attempted by Plaintiff in support of withdrawing his admission.  As noted, the weather incident at issue in this case occurred on August 6, 2018.  Request No. 8 requests an admission that Plaintiff "presented damages to State Farm for the subject Claim that existed before August 6, 2018."  In other words, State Farm seeks an admission that some of the damages for which Plaintiff sought insurance coverage actually pre-existed the storm.  As support for its argument that allowing the admission would subserve the merits presentation, Plaintiff states,

> If the response[ ] to request for admissions . . . 8 [is] deemed admitted, Defendant would most certainly argue that it was not unreasonable to refuse to pay for something that was not brought to its attention.  However, the reality of the situation is that Plaintiff did present these damages to Defendant and has provided Defendant with evidence supporting this.

(Mot. W/D at 5.)  The court assumes Plaintiff mis-read or misunderstood Request for Admission No. 8.  Nonetheless, since it is the Plaintiff's burden to show that preserving the admission to No. 8 would subserve the presentation of the merits of the case, the court finds that Plaintiff has failed to make the requisite showing, and therefore the court denies Plaintiff's request to withdraw his admission of Request for Admission No. 8.

None of the four admissions, which are relevant and proportional for discovery purposes to State Farm's defense, confess the merits of any claim or defense. They do not rob Plaintiff of

the ability to establish his claims of breach of contract, bad faith, or unreasonable delay or denial of benefits.  Upholding the four admissions would not result in the practical elimination of Plaintiff's presentation of the merits of the case.

Because Plaintiff has not established the first element as to any of the admissions discussed herein, the court does not reach the second element.

Therefore, it is **ORDERED**

1.      Defendant's "Motion to Uphold Plaintiff's Deemed Admissions Pursuant to Fed. R. Civ. P. 36" ("Mot.") [Doc. No. 31] is **GRANTED**;

2.      "Plaintiff's Motion to Withdraw Deemed Admissions Pursuant to Fed. R. Civ. P. 36" ("Mot. W/D") [Doc. No. 38] is **DENIED**.

Dated December 27, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge